Filed 10/4/13  In re A.G. CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| In re A.G., a Person Coming Under the Juvenile Court Law. | B246224<br>(Los Angeles County<br>Super. Ct. No. CK 93620) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>      Plaintiff and Respondent,<br><br>      v.<br><br>JAVIER G.,<br><br>      Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Anthony Trendacosta, Juvenile Court Referee.  Affirmed.

Cameryn Schmidt, under appointment by the Court of Appeal, for Defendant and Appellant.

John F. Krattli, County Counsel, James M. Owens, Assistant County Counsel, and Sarah Vesecky, Deputy County Counsel, for Plaintiff and Respondent.

\* \* \* \* \* \*

We affirm the trial court's jurisdictional and dispositional order taking jurisdiction over seven-year-old A.G. and removing her from father's custody. We reject father's challenge to the sufficiency of the evidence to support the findings that he sexually and physically abused A.G. because the juvenile court found A.G.'s testimony describing such abuse credible.

## FACTS AND PROCEDURE

### 1. Petition

On May 22, 2012, Los Angeles County Department of Children and Family Services (DCFS) filed a petition, which, as later sustained, alleged: (1) "On prior occasions, the [child's] father . . . physically abused the child, in that the father struck the child with belts and shoes. Such physical abuse was excessive and caused the child unreasonable pain and suffering. Such physical abuse of the child by the father endangers the child's physical health and safety, creates a detrimental home environment and places the child at risk of physical harm, damage, danger, and physical abuse." (2) "In 2012 and on prior occasions, the [child's] father . . . inappropriately touched the child, in that the father fondled the child's bare buttocks. Such sexual abuse of the child on the part of the father endangers the child's physical health and safety and places the child at risk of physical harm, damage, danger and sexual abuse."

### 2. Social Worker Reports

A.G., a first grader, reported that father spanked her with a belt and shoe. A.G. asked the social worker to "make" father stop hitting her. A.G. also reported father put his hand in her pants four to five times and rubbed her buttocks under her pants. She later reported that he may have done this seven times. On at least one occasion, A.G.'s grandparents were in the living room when father rubbed A.G.'s buttocks. A.G. told police that father caressed her buttocks under her pajamas and underwear. When A.G. asked father to stop, he did. Another time A.G. pulled father's hand out of her pants. A.G. reported loving and missing father and she stated that she would like to live with him when she turns eight.

Father believed that A.G. was coached and acknowledged that he had a tense relationship with A.G.'s mother (mother). Father consistently visited and communicated with A.G. and was involved in her life. Father denied rubbing A.G.'s buttocks under her pants. He acknowledged helping her in the bath and helping her when she used the bathroom. Father denied hitting or kicking A.G. but acknowledged occasionally spanking her.

Mother reported that A.G. told her father touched her in a bad way by touching her buttocks. Mother took A.G. to the police station. Mother saw father hit A.G., and A.G. told mother that father pinched her. Mother also reported that father kicked A.G. for an unknown reason.

In its jurisdictional and disposition report, DCFS concluded it was "unclear" whether the allegations against father were the "result of sexual abuse that actually took place or due to the animosity between the parents." DCFS observed A.G. bonded to both father and mother and reported that A.G. wanted a relationship with father and missed him.

### 3. Psychological Report

With respect to disposition, the court accepted in evidence a report from Dr. Daniel Kramon, who was asked to determine whether A.G. was aware of the parental conflict and would fabricate allegations. Dr. Kramon opined that "it has not yet been concluded as to whether or not she [A.G.] was abused but if she was, the emotional consequences of this needs to be processed in a psychotherapeutic setting. If she was not abused and has been coerced to make allegations, the risk of emotional difficulties is extraordinarily high." "Either the abuse occurred or it is a manifestation of the conflict between these parents, with [A.G.] being coached by her mother." "Both parents are very critical of each other and it is very likely that [A.G.] has been consistently aware of this. [A.G.] expressed a significant degree of distress regarding the conflict between her parents. She indicated that she wishes that they would both stop arguing with each other and it is reasonable to conclude that awareness of this conflict and being privy to negative communication between her parents is and will continue to take an emotional toll on her

3

unless the degree of conflict is reduced." Dr. Kramon also concluded that A.G. is closely bonded with father.

With respect to the allegations in the petition, A.G. reported to Dr. Kramon that father inappropriately touched her on her buttocks six or seven times. A.G. stated that father disciplined her by hitting her with a belt or a sandal. A.G. wanted to live with father again after he learned his lesson. Father denied most of the allegations but stated he once scratched A.G.'s buttocks at her request.

### 4. Jurisdictional and Dispositional Hearing

A.G. testified that she felt uncomfortable when father rubbed her buttocks. Father did that more than once. The first time A.G. was six years old and was in first grade. He rubbed her buttocks under her clothes. She felt the skin of his hand on her buttocks. A.G. asked father to stop. Father rubbed her buttocks approximately seven other times, each time under her clothing. Each time father rubbed her buttocks, A.G. and father were watching television in A.G.'s grandmother's room. Each time A.G. was laying down on the bed. A.G. testified mother took her to the police station but mother did not tell her what to say to police. A.G. testified she also felt uncomfortable when father licked her ear. He licked her six times on different days.

A.G. testified father disciplined her by spanking her, and the spankings bruised her. Once father hit A.G. with her shoe on her butt. A.G. remembered that father hit her with a shoe when she was six years old and when she was seven years old. He also used his open hand to spank her. He has spanked her more than 10 times. When A.G. was six, father squeezed her wrist so hard that it bruised. Father also hit A.G. with a belt one time when she was six.

Father testified he never rubbed A.G.'s buttocks. Father testified he never licked A.G.'s ear. Father testified he never hit A.G. with a shoe or with a belt. Father testified that he did not grab A.G.'s wrist.

Father's cousin Jeanette testified that she was friends with mother but had not communicated with father for four years. Jeannette was present when mother asked A.G.

4

about good touch and bad touch and thought that even though A.G. answered negatively mother kept asking until she received a positive response.

Paternal grandfather testified he lived with father and A.G.  Paternal grandfather testified that A.G. told him she loved him and wanted to live with him but mother told her to lie.  A.G. told paternal grandfather that mother wanted her to go to a foster home. Paternal grandfather testified he told the social worker that no one inappropriately touched A.G. in his home and that mother told many lies.

## 5. *Juvenile Court's Jurisdictional Findings and Disposition*

In detailed findings, the juvenile court explained:  "In this case, the court has a clear credibility call to make, whether to believe [A.G.] or her Father . . . .  It is fair to say that, on the surface, both testified forcefully and consistently on their behalf."  The court continued:  "On balance, the court finds [A.G.]'s testimony more credible, it is consistent and her demeanor appropriate.  It follows, then that if the court finds her credible as to the inappropriate touching, the court also finds credible her testimony regarding the physical abuse."  "[T]here is no doubt in the court[']s mind that Mr. Garcia inappropriately touched his daughter on at least 6 occasions and also physically abused her."  The court found father's relatives who testified lacked credibility.

The court ordered A.G. placed in her mother's custody.  It ordered father to attend sex abuse counseling and individual counseling and it ordered father's visits monitored. The court found no reasonable means to protect A.G. without removing her from father's physical custody.

## DISCUSSION

Father challenges the jurisdictional findings and disposition.  "'In reviewing a challenge to the sufficiency of the evidence supporting the jurisdictional findings and disposition, we determine if substantial evidence, contradicted or uncontradicted, supports them.  "In making this determination, we draw all reasonable inferences from the evidence to support the findings and orders of the dependency court; we review the record in the light most favorable to the court's determinations; and we note that issues of fact and credibility are the province of the trial court."  [Citation.]  "We do not reweigh

5

the evidence or exercise independent judgment, but merely determine if there are sufficient facts to support the findings of the trial court.  [Citations.]  "'[T]he [appellate] court must review the whole record in the light most favorable to the judgment below to determine whether it discloses substantial evidence . . . such that a reasonable trier of fact could find [that the order is appropriate].'"  [Citation.]"  [Citation.]'"  (*In re I.J.* (2013) 56 Cal.4th 766, 773.)

The standard of review dictates the result in this case.  Once the trial court's credibility findings are accepted, the record overwhelmingly supports the court's jurisdictional findings and disposition.  With respect to sexual abuse, A.G. -- who the trial court credited -- testified that father rubbed her buttocks underneath her clothes on multiple occasions.  The trial court's implicit finding that father touched A.G. for sexual gratification is supported by A.G.'s testimony that father placed his hand underneath her clothing and made A.G. uncomfortable.  With respect to the physical abuse A.G. testified that father hit her with shoes and belts and used force on her wrist, injuring her.  Although father claims that A.G. testified to these incidents to please mother, the juvenile court rejected that argument and instead found A.G.'s testimony credible.  Father argues that A.G. could "well have misconstrued innocent back scratching by her father for something more sinister," but that argument also ignores the trial court's findings.

Although father vehemently disputes the allegations, the trial court found A.G. more credible than father, and we cannot overturn the trial court's credibility determinations.  Testimony from a single witness is sufficient to support the juvenile court's order.  (*In re Lana S.* (2012) 207 Cal.App.4th 94, 104.)  There was nothing inherently improbable in A.G.'s testimony such that it would warrant rejection.  (*In re Jordan R.* (2012) 205 Cal.App.4th 111, 136 ["To warrant rejection of the statements of a witness who has been believed by the trier of fact, it must be physically impossible for the statements to be true, or their falsity must be apparent without resorting to inferences or deductions."].)  Father's recounting of the evidence in a manner that suggests mother "repeatedly and aggressively asked A.G. if anyone had ever touched her in a 'bad' way"

ignores the trial court's credibility determination that father's relative who testified to that discussion was not credible.

Father's challenge to the trial court's disposition is not persuasive because father fails to acknowledge the physical and sexual abuse. Therefore his claim that A.G. would be safe in his care is belied by the trial court's findings. While father correctly points out that A.G. loved and missed him, father does not show that at the time of the dispositional hearing less drastic alternatives could have prevented a substantial risk of danger to A.G. In evaluating the risk, the juvenile court could consider father's denial of abuse that the court found had occurred.

## DISPOSITION

The jurisdictional and dispositional order is affirmed.


FLIER, J.

WE CONCUR:


BIGELOW, P. J.


RUBIN, J.